UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAMUEL HOFFMEYER,<br>　　Plaintiff, | Case No. 1:20-cv-752 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| OHIO DEPARTMENT OF<br>CORRECTIONS, *et al*.,<br>　　Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate housed at the Lebanon Correctional Institution, brings this pro se civil-rights action alleging a violation of his constitutional rights. (Doc. 1).

Prior to filing the instant action, plaintiff filed a similar complaint in *Hoffmeyer v. Director*, No. 1:20-cv-637 (Dlott, J.; Bowman, M.J.) (S.D. Ohio), which remains pending. Both complaints stem from the same alleged incidents. Further, although submitted as a new lawsuit, the complaint in the instant action is styled "(Addendum to Complaint)" (Doc. 1, at PageID 5) and appears to be intended as an addendum to the complaint in Case No. 1:20-cv-637.

Accordingly, it is **RECOMMENDED** that the instant action be dismissed because it is duplicative of the prior action. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *Cf. id.*; *see also Ball v. Obama*, 1:13-

cv-204, 2013 WL 2153967, at *2, *5 (S.D. Ohio May 16, 2013) (Barrett, J.; Litkovitz, M.J.) (dismissing duplicative complaint at screening stage); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage).

However, because it appears that plaintiff intended to file the underlying complaint as an addendum to the complaint in Case No. 1:20-cv-637, the Clerk of Court is hereby **DIRECTED** to file the complaint in this action as an addendum to the complaint in *Hoffmeyer v. Director*, No. 1:20-cv-637 (Dlott, J.; Bowman, M.J.) (S.D. Ohio).

## IT IS THEREFORE ORDERED THAT:

The Clerk of Court is **DIRECTED** to file the complaint in this action as an addendum to the complaint in *Hoffmeyer v. Director*, No. 1:20-cv-637 (Dlott, J.; Bowman, M.J.) (S.D. Ohio).

## IT IS THEREFORE RECOMMENDED THAT:

1. This action be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/26/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMUEL HOFFMEYER,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
CORRECTIONS, *et al*.,

Case No. 1:20-cv-752

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).